26213. BRASWELL v. THOMPSON.

GUERRY, J. 1. It is true that in a trover action the plaintiff must show a conversion of the property by the defendant, that is, some act of dominion over the property by the defendant which is inconsistent with ownership in the plaintiff. However, where a trover action is brought against one who operates a warehouse, for certain cotton stored therein, and the defendant sets up title in himself to the cotton, this is sufficient evidence of a conversion, although it may further appear that

the receipts held by the plaintiff for the cotton were forged or unauthorized or not in proper form; and a verdict for the plaintiff will not be disturbed by this court where the evidence otherwise discloses that the plaintiff had title to the cotton as against the defendant. See *Lightsey* v. *Lee*, 8 *Ga. App.* 762 (70 S. E. 179).

2. The evidence fully authorized a finding that the title to the property in question was in the plaintiff.

3. An assignment of error on the failure of the judge to charge the jury as to a certain contention of the defendant will not be considered by this court, where it is not pointed out in such ground why, under the evidence, such failure was prejudicial to the defendant.

4. An assignment of error upon a correct charge to the jury, on the ground that the judge did not give in charge, in connection therewith, some other principle, presents nothing for consideration by this court.

5. The judge did not err in overruling the motion for new trial.

    *Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

               DECIDED JUNE 15, 1937.

*G. H. Williams, Felix C. Williams,* for plaintiff in error.
*George L. Smith 2d, I. L. Price,* contra.

